IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| DAVID J. WHITMIRE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 16-1020-CV-W-FJG |
| v. | ) | |
| | ) | |
| KANSAS CITY, MISSOURI BOARD | ) | |
| OF POLICE COMMISSIONERS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Pending before the Court is Defendants' Partial Motion to Dismiss and Suggestions in Support (Doc. No. 114). As an initial matter, to the extent that plaintiff argues that defendants have waived the grounds for portions of their motion to dismiss, the Court agrees with defendants that it is within its discretion to address all issues raised in the pending motion for partial dismissal. See Banko v. Apple, Inc., Case No. 13-02977 RS, 2013 WL 6623913, at *2 (N.D. Cal. Dec. 16, 2013) (providing, "Although Rule 12(g) technically prohibits successive motions to dismiss that raise arguments that could have been made in a prior motion . . . courts faced with a successive motion often exercise their discretion to consider the new arguments in the interests of judicial economy."); TrueNorth Cos., L.C. v. TruNorth Warranty Plans of N.A., LLC, 292 F. Supp. 3d 864, 868-69 (N.D. Iowa 2018)(finding "it would be inconsistent with the spirit of Rule 1 to deny [a successive pre-Answer] motion" on the basis of Rule 12(g) where addressing the substantive issues in the pre-Answer motion would limit or refine the same issues that could be raised in a later motion). Accordingly, the Court turns to the merits of the issues raised by defendants.

I. **Background**

Plaintiff alleges in his Fourth Amended Complaint (Doc. No. 108, filed on April 25,

2018), that on or about August 14, 2013, defendants Detective Timothy Mountz ("Mountz") and Detective Darold Estes ("Estes"), both officers with the Kansas City, Missouri, Police Department ("KCPD") searched the home of Lakisha Walker. During the search, Mountz and Estes seized a variety of items allegedly belonging to plaintiff. Plaintiff alleges that when Mountz and Estes logged the pieces of property in at the police station, they listed owner designations as "safekeeping" and/or "unknown," leading to the destruction of sale of those items. Plaintiff alleges that defendants, by destroying and selling his personal property, exhibited deliberate indifference to his constitutional rights.[1] Plaintiff also alleges that the KCPD Board is liable for violations of his constitutional rights, because there is a lack of training as to proper handling of property and evidence.

Defendants are Mountz (sued in his individual and official capacity); Estes (sued in his individual and official capacity); Mark D. Terman (Captain of the KCPD Property and Evidence Section at relevant times, sued in his individual and official capacity); Curtis P. Klein (Sergeant in the KCPD Property and Evidence Section at relevant times, sued in his individual and official capacity); the Kansas City, Missouri Board of Police Commissioners, through its members Nathan Garrett, Leland Shurin, Don Wagner, Mark Tolbert, and Sylvester James, in their official capacities; and Defendants John and Jane Doe, in their individual and official capacities.

Plaintiff brings the following counts in his Fourth Amended Complaint: Count I – Section 1983 Claim against Defendants Mountz and Estes for Unlawful Search and Seizure in Violation of Plaintiff's Fourth Amendment Rights; Count II – Section 1983 Claim Against

---

[1] In Defendants' Motion (Doc. No. 114), they argue that the officers reasonably believed the property might be stolen based on previous experiences investigating and arresting plaintiff for multiple burglaries committed by him. Of course, the defendants' alleged reasonable beliefs are questions that must be addressed on summary judgment, not on a motion to dismiss a complaint wherein plaintiff has pled no facts regarding his criminal history.

2

Defendants Mountz, Estes, Terman, and Klein for Violation of Plaintiff's Fifth and Fourteenth Amendment Rights; Count III – Deliberately Indifferent Policies, Practices, Customs, Training, and Supervision in Violation of the Fourth, Fifth, and Fourteenth Amendments[2]; Count IV -  Claim of Negligence and Conversion under Missouri State Law against Defendants Mountz, Estes, Terman, and Klein; and Count V – Replevin Claim for any Personal Property Seized from Mr. Whitmire Still Held by the KCPD Property & evidence Section under Missouri Statute 533.010.

Defendants filed their partial motion to dismiss on May 9, 2018, arguing that the Court should dismiss certain claims under Fed. R. Civ. P. 12(b), as a number of the amended and newly-asserted claims are either barred by sovereign immunity or are not cognizable under Section 1983 and/or state law.  Specifically, defendants seek dismissal as to (1) Count II as to defendants Terman and Klein, both in their individual and official capacities; (2) Count II according to Missouri state law; (3) Count II as to the Board as not cognizable under Section 1983;[3] (4) Count III as to the Board, as barred by sovereign immunity; (5) Count IV as to Defendants Mountz, Estes, Terman, and Klein in their official capacities as barred by sovereign immunity; (6) Count IV for failure to state a claim for negligence under state law; and (7) Count V as to any Defendants in their official capacity as barred by sovereign immunity.

II.     **Standard**

---

[2] Although plaintiff does not specify in the title to Count III, this claim appears to be pled against all named defendants.

[3] Plaintiff states in his suggestions in opposition that defendants do not seek dismissal as to Mountz and Estes in Count II of the Fourth Amended Complaint.  Although defendants, in a footnote, suggest that plaintiff's allegations in Count II apply only to Defendants Terman and Klein, the Court believes that if defendants meant to seek dismissal of defendants Mountz and Estes, they ought to have done so in the body of their motion and suggestions, not in a footnote.  Accordingly, the Court finds all claims in Count II against defendants Mountz and Estes remain pending.

> Sovereign immunity is a jurisdictional, threshold matter that is properly addressed under Rule 12(b)(1). Sundquist v. Nebraska, 122 F.Supp.3d 876 (D.Neb.2015) (citing Lors v. Dean, 746 F.3d 857, 861 (8th Cir.2014)). "In order to properly dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments." Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir.1993). In a facial attack, the court "restricts itself to the face of the pleadings" and "the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." Osborn v. United States, 918 F.2d 724, 729 n. 6 (8th Cir.1990). A facial attack merely questions the sufficiency of the subject matter jurisdiction as alleged in the complaint, and the court will find subject matter jurisdiction exists where the plaintiff's allegations establish federal claims. See generally Gentek Bldg. Products, Inc. v. Sherwin–Williams Co., 491 F.3d 320, 330 (6th Cir.2007).

Keselyak v. Curators of the Univ. of Missouri, 200 F. Supp. 3d 849, 853–54 (W.D. Mo. 2016), aff'd sub nom. Keselyak v. Curators of Univ. of Missouri, 695 Fed. Appx. 165 (8th Cir. 2017)

To survive a Rule 12(b)(6) motion to dismiss, "the complaint must do more than recite the bare elements of a cause of action." Williams v. City of Kansas City, Mo., No. 4:13–0347–CV–W–DGK, 2014 WL 2158998, at *3 (W.D. Mo. May 23, 2014) (citing Ashcroft v. Iqbal, 556 U.S. 662, 687 (2009)). The complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

### III. Discussion

#### A. Count II as to defendants Terman and Klein in their official capacities

Defendants indicate that the claims for damages against Defendants Terman and Klein in their official capacities must be dismissed, because a state official acting in his official capacity is not a "person" within the meaning of Section 1983. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989); Murphy v. State of Arkansas, 127 F.3d 750, 754 (8th Cir. 1997). Furthermore, to the extent that plaintiffs are seeking liability as to these defendants based on their supervision of others, defendants argue that those claims must fail because Section 1983 does not permit claims based on vicarious liability. Bell v. Kansas

4

City Police Dep't, 635 F.3d 346, 347 (8th Cir. 2011) (finding respondeat superior inapplicable to claims brought under 42 U.S.C. § 1983).

In response, plaintiffs argue that defendants' motion to dismiss the official capacity claims pled against them should be denied, because "[s]tate officials acting in their official capacities are § 1983 'persons' when sued for prospective relief, and the Eleventh Amendment does not bar such relief." Murphy v. State of Arkansas, 127 F.3d 750, 754 (8th Cir. 1997) (citing Televen v. University of Minn., 73 F.3d 816, 819 (8th Cir. 1996)). Plaintiff indicates that his Fourth Amended Complaint seeks injunctive relief to change the policies and procedures of the KCPD Property & Evidence Section, Doc. No. 108 at 20, and his request for injunctive relief alone defeats Defendants' motion. In addition, plaintiff argues that he has alleged personal involvement of Terman and Klein, not simply vicarious liability. In particular, plaintiff alleges that Klein personally approved the release of plaintiff's property for destruction and sale. Doc. No. 108, ¶¶ 12, 42-44, 68. Furthermore, plaintiff asserts that Terman, as Captain of the Property and Evidence Section is liable via supervisor liability. Pool v. Missouri Dept. of Corrs. and Human Res., 883 F.2d 640, 645 (8th Cir. 1989) (finding supervisors can be liable under § 1983 if they knew their "subordinates caused deprivations of constitutional rights and [they] demonstrated deliberate indifference or 'tacit authorization' of the offensive acts by failing to take steps to remedy them").

In their reply suggestions, defendants indicate that they recognize that "the Eleventh Amendment permits suits for prospective injunctive relief against state officials acting in violation of federal law." Frew ex rel. Frew v. Hawkins, 540 U.S. 431, 437 (2004). Defendants note, however, that a declaratory judgment for past liability, as well as claims for money damages (including punitive damages) are prohibited. Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Md., 535 U.S. 635, 646 (2002); Frew, 540 U.S. at 437.

5

To the extent plaintiff is seeking money damages and declaratory relief against defendants Terman and Klein in their official capacities, those claim must be **DISMISSED** for the reasons stated by defendants. Furthermore, to the extent that plaintiff seeks relief based on vicarious liability, any such claims must be **DISMISSED.** However, the Court is not convinced that all claims against Terman and Klein are based on vicarious liability, as the plaintiff has pled some amount of personal involvement of both defendants in relation to Count II. Accordingly, the official capacity claims for prospective/injunctive relief remain pending, as do any claims related to the personal involvement of defendants Terman and Klein.

### B. Count II against Terman and Klein in their Individual Capacities

Defendants argue that plaintiff's claims against them in their individual capacities fail, arguing that it appears plaintiff is seeking to invoke Monell liability, which can only be asserted against municipalities, not individuals. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978). In response, plaintiff argues that he has sufficiently pled that Terman and Klein had personal involvement in the destruction and sale of plaintiff's property, as well as the failure to remedy unconstitutional deprivations of property, and therefore, plaintiff's claim do not fall within the purview of Monell. The Court agrees with plaintiff that, for purposes of this motion to dismiss, he has sufficiently pled the personal involvement of defendants Terman and Klein. Defendants' motion to dismiss the individual capacity claims pled against Terman and Klein is **DENIED.**

### C. Count II for Unauthorized Intentional Deprivation of Property

Defendants argue that, to the extent plaintiff is bringing a Fourteenth Amendment claim against defendants based on unauthorized intentional deprivation of property, these claims do not constitute a violation of the procedure requirements of the Due Process Clause of the Fourteenth Amendment as long as a meaningful post-deprivation remedy for

the loss is available. Hudson v. Palmer, 468 U.S. 517, 533 (1984). Here, defendants argue that plaintiff has access to a post-deprivation remedy in state court for a conversion or replevin action. See, e.g., Blackwell Motors, Inc. v. Manheim Services Corp., 529 S.W.3d 367, 379 (Mo. App. E.D. 2017)

In response, plaintiff argues that, as pled, his case is not one regarding a random unauthorized act by a state employee (as in Hudson), but rather, an intentional destruction and sale authorized by the policies, practices, and customs of the KCPD. Hudson, 468 U.S. at 532 (citing Logan v. Zimmerman Brush Co., 455 U.S. 522 (1982) (finding that post-deprivation remedies do not satisfy due process where the deprivation is caused pursuant to an established state procedure).

Upon consideration of this issue, the Court finds these arguments would be better presented on summary judgment, where a full record could be made as to plaintiff's specific claims and the facts underlying each. Defendants' motion to dismiss based on an adequate remedy in state law is **DENIED.**

### D. Count II as to the Board

Defendants argue that, to the extent that Count II is asserted against the board, such a claim is not cognizable under Section 1983. In response, plaintiff notes that Count II of the Fourth Amended Complaint is directed only at Mountz, Estes, Terman, and Klein, and does not include the Board. Therefore, the Court will **DISMISS** any claims (pled or unpled) against the Board in Count II of the Fourth Amended Complaint.

### E. Count III as to the Board

Defendants argue that Count III should be dismissed on the basis of sovereign immunity. Defendants assert that Count III (for negligent supervision, training, and/or instruction of KCPD employees) sounds in tort rather than constitutional law. To the extent that the claim is asserted under tort law, defendants note that state entities such as the

7

Board have sovereign immunity from tort actions, with limited exceptions not applicable here.[4] See § 537.600, RSMo 2010, Cum. Supp. 2015. See also Gregg v. City of Kansas City, 272 S.W.3d 353, 358 (Mo. App. W.D. 2008); Throneberry v. Mo. State Hwy. Pat'l, 526 S.W.3d 198, 202, 207-08 (Mo. App. W.D. 2017). Defendants also argue that plaintiff appears to rest his claims on a respondeat superior theory, which is improper. See Throneberry, 526 S.W.2d at 207-08.

In response, plaintiff argues that Count III is not a mere tort claim, but rather is a claim of constitutional violations based on the board's "deliberately indifferent policies, practices, customs, training, and supervision." Plaintiff asserts these are Monell allegations, not subject to sovereign immunity. See Monell v. Dept. of Social Services of City of New York, 436 U.S. 658, 690-91 (1978) (finding that local governments may be liable if the alleged constitutional violation is official policy, or is established through a custom or usage). Plaintiff states that he has alleged that policies, customs, and practices of the Board resulted in a violation of his constitutional rights. Doc. No. 108, ¶¶ 69-74. Plaintiff also asserts that his claims do not solely rest on a respondeat superior theory, and therefore should survive this motion to dismiss.

In reply to plaintiff's suggestions that the claims against the Board are Monell allegations not subject to sovereign immunity, defendants note that Monell held that municipalities may be considered Section 1983 persons. Monell, 436 U.S. at 690 (holding that "municipalities" and "local governments" may be considered "persons" under § 1983)). The Supreme Court further noted in Monell, however, that their holding "[was], of course, limited to local government units which are not considered part of the State for Eleventh

---

[4] The only exceptions from sovereign immunity are: (1) where a plaintiff's injury arises from a public employee's negligent operation of a motor vehicle in the course of his employment; and (2) where the injury is caused by a dangerous condition on government property. § 537.600.1.

8

Amendment purposes." Id. at n. 54. Defendants cite to Fantasma v. Kansas City, Mo., Bd. of Police Com'rs, 913 S.W.2d 388, 391 (Mo. App. W.D. 1996) and Div. of Empl. Sec. v. Bd. of Police Comm'rs, 864 F.3d 974, 980 (8th Cir. 2017), for the proposition that the Board is a legal subdivision of the state and has sovereign immunity for the operation and maintenance of a police force.

Upon its independent review, the Court believes the law on Eleventh Amendment sovereign immunity as to the Kansas City Board of Police Commissioners to be unsettled in the Eighth Circuit, as separate panels have come to different conclusions on this issue. Compare Div. of Empl. Sec. v. Bd. of Police Comm'rs, 864 F.3d 974, 980 (8th Cir. 2017) with Darby v. Bratch, 287 F.3d 673, 678–679 (8th Cir. 2002), citing Gorman v. Easley, 257 F.3d 738, 744 (8th Cir. 2001), cert. granted, 534 U.S. 1103, 122 S. Ct. 865, 151 L. Ed. 2d 739 (2002) and judgment rev'd on other grounds, 536 U.S. 181, 122 S. Ct. 2097, 153 L. Ed. 2d 230 (2002) (finding the Kansas City Board of Police Commissioners is not a political subdivision of the state, and thus is not entitled to protection of Eleventh Amendment). Given the state of the law, the Court will **DENY** the motion to dismiss as to Count III against the Board. Defendant may raise this issue again on summary judgment (or, in the alternative, may raise other grounds for relief as to Count III of the Fourth Amended Complaint on summary judgment).

### F. Count IV as to Defendants Mountz, Estes, Terman, and Klein – official capacity

Defendants indicate that the claims for negligence and conversion against Defendants Mountz, Estes, Terman and Klein in their official capacities must be dismissed, because an action against a state official acting in his official capacity is considered the same as one against the state itself. See Edwards v. McNeill, 894 S.W.2d 678, 682 (Mo. App. W.D. 1995); Brandon v. Holt, 469 U.S. 464, 471-72 (1985); Williams v. Shannon Cnt'y

Jail, et al., Case. No. 1:15- CV-146-SNLJ, 2015 WL 5098749 (E.D. Mo. Aug. 31, 2015). Sovereign immunity applies to tort claims against the state and state entities unless immunity is expressly waived by statute. See R.S.Mo. § 537.600; Southers v. City of Farmington, 263 S.W.3d 603, 609 (Mo. banc 2008); Claspill v. State Div. of Economic Dev., 809 S.W.2d 87, 89 (Mo. App. 1991). Defendants note that none of plaintiff's allegations in Count IV implicate the exceptions to sovereign immunity cited in R.S. Mo. § 537.600.1.

In response, plaintiff argues that suits against officers in their official capacity are proper when seeking injunctive relief. Will v. Michigan Dept. of State Police, 491 U.S. 58, 92 (1989) (finding, in the context of Section 1983, "although prospective relief awarded against a state officer also 'implicate[s] Eleventh Amendment concerns,' [] the interests in 'end[ing] a continuing violation of federal law' [] outweigh the interests in state sovereignty and justify an award under §1983 of an injunction that operates against the State's officers or even directly against the state itself." Will, 491 U.S. at 90. Plaintiff argues that he is seeking injunctive relief to change the practices and procedures of the KCPD that violate Missouri statutory law, and thus argues that defendants Mountz, Estes, Terman, and Klein are not subject to sovereign immunity in in their official capacities.

To the extent that plaintiff has pled a claim for damages and/or declaratory relief against defendants in their official capacities in Count IV of his Fourth Amended Complaint, that claim must be **DISMISSED.** However, to the extent plaintiff is seeking prospective or injunctive relief related to official capacity claims, those claims in Count IV will be allowed to proceed.

### G. Count IV negligence under state law

Defendants also argue that plaintiff has failed to state a claim for negligence under state law, arguing that plaintiff has not pled the elements of a res ipsa loquitur theory. See MAI 31.02(3) (requiring plaintiff to demonstrate that the defendant had control over the thing

in question, that some event or incident occurred which does not ordinarily happen when those in charge use due care, that the alleged incident was directly caused by defendant's negligence, and as a result of such negligence, plaintiff sustained damages). Defendants argue that Count IV does not allege the actions plaintiff believes were negligent, nor does Count IV specifically identify which of the defendants acted negligently. Further defendants argue that plaintiff has failed to allege an event that was committed by any defendant which does not ordinarily happen when due care is used.

In response, plaintiff notes that the term "res ispa loquitur" does not appear in his Fourth Amended Complaint. Under Missouri law, a regular negligence claim requires: "a (1) legal duty on the part of the defendant to conform to a certain standard of conduct to protect others against unreasonable risks; (2) a breach of that duty; (3) a proximate cause between the conduct and the resulting injury; and (4) actual damages to the claimant's person or property." Howard v. Frost Nat'l Bank, 458 S.W.3d 849, 853 (Mo. Ct. App. 2015). Plaintiff states that he has set forth sufficient allegations to support a negligence claim, citing paragraph 76 of his Fourth Amended Complaint as containing examples of breaches of duties owed by the defendant officers.

In reply defendants argue that regardless of the plaintiff's negligence theory, he has still failed to state a claim under state law, as the duties listed by plaintiff are those owed to the public generally and not to plaintiff specifically. See Southers v. City of Farmington, 263 S.W.3d 603, 611 (Mo. banc 2008) (explaining the public duty doctrine). The Court notes, however, that the public duty doctrine was not mentioned in defendants' opening brief, but rather for the first time in the reply brief. Given this, the Court believes that the arguments raised by defendants would be better presented in a motion for summary judgment (especially given the factual development which could be presented at summary

judgment). Defendants' motion to dismiss the negligence claims in Count IV for failure to state a claim upon which relief can be granted is **DENIED.**

### H. Count V as to any Defendants in their official capacity

Defendants argue that plaintiff's replevin claims against them in their official capacity are barred by sovereign immunity. As discussed above, an action against a state official acting in his official capacity is considered the same as one against the state itself. See Edwards v. McNeill, 894 S.W.2d 678, 682 (Mo. App. W.D. 1995); Brandon v. Holt, 469 U.S. 464, 471-72 (1985); Williams v. Shannon Cnt'y Jail, et al., Case. No. 1:15- CV-146-SNLJ, 2015 WL 5098749 (E.D. Mo. Aug. 31, 2015). The Board, via its members, is also a state entity. See generally § 537.600, R.S.Mo. 2010, Cum. Supp. 2015. See also Gregg v. City of Kansas City, 272 S.W.3d 353, 358 (Mo. App. W.D. 2008); Fantasma v. Kansas City, Mo. Bd. of Police Comm'rs, 913 S.W.2d 388, 391 (Mo. App. W.D. 1996). Again, defendants argue that neither of the two exceptions to sovereign immunity set forth in § 537.600.1 is implicated. To the extent plaintiff is seeking damages (including punitive damages), defendants argue such claims must be dismissed.

In response, plaintiff argues that the Fourth Amended Complaint properly pleads a replevin claim under Missouri law, further noting that defendants previously argued that there could be no violation of plaintiff's Fourteenth Amendment due process rights because plaintiff had the remedy of replevin. Plaintiff complains that if a replevin cause of action is not available to him, defendants' justification for their argument that there can be no due process violation in Count II fails. Plaintiff further notes that after counsel was appointed and discovery conducted, counsel discovered some of plaintiff's property might still remain in the possession of the KCPD, so plaintiff amended his complaint to seek return of that property under a theory of replevin. Plaintiff notes that replevin is a cause of action seeking prospective relief, not damages, and therefore the claim is not barred by sovereign

immunity. See Murphy v. State of Arkansas, 127 F.3d 750, 754 (8th Cir. 1997) (citing Televen v. University of Minn., 73 F.3d 816, 819 (8th Cir. 1996)).

In reply, defendants argue that the rules permit them to set out alternative defenses. Defendants further argue that, to the extent he wishes to make a claim for replevin, this post-deprivation remedy remains available to plaintiff in state court.

After reviewing the parties' arguments, the Court finds that defendants' motion should be **DENIED**. Plaintiff does not appear to be seeking monetary damages relating to replevin; instead, the claim is for return of his (alleged) property. At this juncture, that claim could be heard in either state or federal court.

## IV. Conclusion

Therefore, for the foregoing reasons, (1) the motion to dismiss Count II of the Fourth Amended Complaint is **GRANTED IN PART** as it relates to dismissal of plaintiff's claims for money damages and declaratory relief against defendants Terman and Klein in their official capacities, plaintiff's claims based on vicarious liability against defendants Terman and Klein, and plaintiff's claims (if any) against Defendant Board, and is **DENIED IN PART** in all remaining aspects; (2) the motion to dismiss Count III of the Fourth Amended Complaint is **DENIED** without prejudice to reassertion; (3) the motion to dismiss Count IV of the Fourth Amended Complaint is **GRANTED IN PART** to the extent that plaintiff has pled a claim for damages and/or declaratory relief against defendants in their official capacities, and **DENIED IN PART** in all other aspects; and (4) the motion to dismiss Count V of the Fourth Amended Complaint is **DENIED.**

**IT IS SO ORDERED**.

Date: <u>August 29, 2018</u>  **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri  Fernando J. Gaitan, Jr.
  United States District Judge